QUESTIONS: 1. May the City of Marianna unilaterally extend fire protection beyond its municipal boundaries? 2. May the City Commission of the City of Marianna and the Board of County Commissioners of Jackson County enter into an agreement whereby the city would provide fire protection in some portion of the unincorporated area of the county?
SUMMARY: Except to the extent authorized in its municipal charter or other special law, the City of Marianna may not unilaterally extend fire protection beyond its municipal boundaries. However, the Board of County Commissioners of Jackson County may enter into an agreement with the City Commission of the City of Marianna whereby the city may provide fire protection to some portion of the unincorporated territory of the county pursuant to s.125.01(1)(p), F.S. AS TO QUESTION 1: In AGO 074-211 this office was presented with a factual situation in which the City of Avon Park apparently desired to unilaterally extend its fire protection beyond municipal boundaries. I concluded therein that, pursuant to Art. VIII, s. 2(c), State Const. — which prohibits the exercise of extraterritorial powers by municipalities except as provided by general or special law — the City of Avon Park could not extend its fire protection beyond municipal boundaries unless authorized to do so by general or special law. No such law was found in that instance which would provide the authority for the unilateral action which the City of Avon Park was apparently contemplating; and no question was asked or opinion expressed as to whether the City of Avon Park could enter into an agreement with the county in which it is located to furnish fire protection to some portion of the unincorporated area thereof. According to your letter, the only provision of the charter of the City of Marianna, enacted by Ch. 21368, 1941, Laws of Florida, as subsequently amended, which authorizes the City of Marianna to extend its fire protection extraterritorially is that provision which relates to protecting the municipal airfield located outside municipal boundaries. I assume there is no other provision of the charter or any special act which authorizes additional similar extensions. Also, since, as stated in AGO 074-211, I know of no provision of general law which authorizes municipalities to unilaterally extend fire protection beyond their boundaries, your first question is answered in the negative. AS TO QUESTION 2: I am of the opinion that Jackson County and the City of Marianna may enter into an agreement whereby the city may provide fire protection to some portion of the unincorporated territory of the county. Section125.01(1)(p), F.S., provides that the legislative and governing body of a county, to the extent not inconsistent with general or special law, may (p) Enter into agreements with other governmental agencies within or outside the boundaries of the county for joint performance, or performance by one unit in behalf of the other, of any of either agency's authorized functions . . . . See s.125.01(1)(d), id., empowering the legislative and governing body of a county to provide fire protection. The terms of any such agreement entered into between the city commission and county commission are a matter for those bodies to determine. Your second question is answered in the affirmative.